S. M. ESTES et al., Appellees, v. ELMER ANDERSON et al., Appellants.

**HIGHWAYS:** Officers—Powers—Unnecessary Diversion of Drainage. Injunction will lie, to restrain highway officers from so improving a highway as to unnecessarily divert natural drainage to the substantial injury of a property owner. (See Book of Anno., Vol. 1, Sec. 4791, Anno. 5 *et seq.*)

Headnote 1: 29 C. J. p. 593.

*Appeal from Mills District Court.*—O. D. WHEELER, Judge.

MAY 3, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to enjoin the public officials from improving a certain highway by grading the same in such a manner as to divert surface water upon the premises of plaintiffs. An intervener joined with the plaintiffs, and prayed the same relief. A decree was entered as prayed, and the defendants appeal.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell* and *W. S. Lewis,* for appellants.

*C. E. Dean* and *Genung & Genung,* for appellees.

FAVILLE, J.—I.  The question involved pertains to the manner of construction of a certain highway.  In a general way, the road in controversy lies along the east side of certain Sections 17 and 8, until it reaches the northeast corner of said Section 8, when it angles in a general northwesterly direction across a portion of Section 5.  The road lies upon land that is generally level until it reaches the northeast corner of Section 8, when it diverts to the northwest along the base of a bluff.  About a quarter of a mile north of the northeast corner of Section 8 a natural watercourse crosses said highway from the east.  This is the natural outlet for drainage of surface water from an area of about 40 acres of land that lies on the east side of the road. It appears that the waters from this particular tract are collected into a comparatively small waterway, and, under natural conditions, are discharged across the highway to the west.  It also appears that between the said section corner where the road diverges westerly and the point where said water from the bluff east of the highway naturally flows across the road there is an elevation which has prevented the water from flowing in a southerly direction along said highway.  Under the plan of construction undertaken in building the road it is proposed to turn the water from this 40-acre tract lying east of the highway into a ditch along the highway, by cutting through the elevation referred to, and thus diverting the water which would naturally have flowed westward across the highway, in a southerly direction down the roadway, where it passes upon the lands of the plaintiffs and the intervener.  The trial court found, and we think the evidence sustains the conclusion, that this diversion of water was not necessary in order to improve the road; that it was practicable and feasible to so construct the road that the water coming from the bluff at the east would pass in the general course of natural drainage across the highway in practically the same manner that it had flowed in the course of nature; and that the diversion of the water to the south along the highway by cutting through said elevation caused damage to the land of the plaintiff Estes and to the intervener, who now appear alone as appellees in this court.

Two questions are involved.  One contention of appellants' is that the evidence does not sufficiently disclose that the plaintiff Estes is the owner of the premises involved, as alleged in

the petition, and therefore there is a failure of proof that he has any right to maintain the action.   We think the evidence sufficiently discloses that the plaintiff Estes was the owner of the premises described in his petition, which he alleged he owned, and that the court did not err in finding that the record established his ownership of said premises.   It also sufficiently appears that the intervener was the owner of the premises described in his petition of intervention.

II.   It is further contended that, in any event, the court erred, under the evidence, in granting an injunction, and in holding that the lands of the plaintiff Estes and the intervener were affected by the construction of the highway in the manner proposed.   It is unnecessary that we review the evidence in detail, but an examination of the record satisfies us that the trial court was clearly correct in holding that the proposed construction of the highway would divert the surface water which flowed from the bluff in question from its natural course, and would result in a diversion of the water that ordinarily and naturally flowed westerly across said highway, in a southerly direction, and would cause said water to flow upon the lands of the appellee Estes and the intervener in an unusual and unnatural manner.

We think, upon the record, that such a showing is made as justified the trial court in granting an injunction.   The case, under its facts, falls within the rule of law announced in *Pate v. Rogers*, 193 Iowa 726.   The decree of the trial court was correct, and it is—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.